**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GPS Insight LLC, | No.  CV-19-05313-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| PerDiemCo LLC, | |
| Defendant. | |

Before the Court is Defendant PerDiemCo, LLC ("PerDiem")'s Motion to Dismiss or Transfer (Doc. 14) and Plaintiff GPS Insight LLC ("GPS Insight")'s Motion to Strike or, in the alternative, for Leave to File a Sur-Reply.  (Doc. 23.)  For the reasons stated herein, the Court grants the Motion to Dismiss for lack of personal jurisdiction and denies the Motion to Strike or for Leave to File a Sur-Reply.

## I.    BACKGROUND

PerDiem is a limited liability company domiciled in both Texas and Washington, D.C.  (Doc. 14 at 6; Doc. 1 at 3.)  It owns a number of patents.  (Doc. 14 at 6.)  GPS Insight is a limited liability company domiciled in Arizona, Delaware, Illinois, New York, and Jersey (Channel Islands).  (Doc. 1 at 3.)  Last year, PerDiem sent a letter to GPS Insight about the possibility of a patent infringement with an offer to discuss licensing those patents.  (Doc. 14-3 at 2.)  PerDiem mailed that letter to GPS Insight's Arizona location.  (*Id.*)

GPS Insight has filed suit asking the Court to issue a declaratory judgment that it

1   did not infringe PerDiem's patents and that certain patents PerDiem owns are invalid.
2   (Doc. 1 at 1-2.)  Plaintiff also alleges that PerDiem violated the Arizona Patent Troll
3   Prevention Act by making bad faith infringement allegations and that PerDiem engaged
4   in unfair trade practices under the Arizona Consumer Fraud Act.  (*Id. at* 1.)

5          PerDiem asks the Court to dismiss the case because the Court lacks personal and
6   subject-matter jurisdiction and for GPS Insight's alleged failure to state a claim upon
7   which relief may be granted.  (Doc. 14.)  Alternately, PerDiem asks the Court to transfer
8   the case to a proper venue.  (*Id*.)

9   **II.     LEGAL ANALYSIS**

10         **A.     Legal Standards**

11         A plaintiff bears the burden of establishing that the Court has personal jurisdiction
12  over a defendant.  *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995)
13  (citing *Farmer Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir.
14  1990)) A personal jurisdiction inquiry looks to both the forum state's long arm statute
15  and the federal Due Process Clause.  Arizona's long arm statute is coextensive with the
16  Due Process Clause, so the two-part inquiry collapses into one.  *See Doe v. Am. Nat. Red*
17  *Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).  Personal jurisdiction can be either general or
18  specific.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 n.15 (1985).  For the
19  Court to have general jurisdiction over a nonresident, the defendant's contacts must be so
20  continuous and systematic that the defendant is essentially at home in the forum state.
21  *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).  As to
22  specific jurisdiction over a non-resident defendant, three requirements must be satisfied:
23  (1) the must defendant purposefully direct his activities or complete a transaction in the
24  forum state or otherwise "purposefully avail himself of the privilege of conducting
25  activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the
26  claim must arise "out of or relate[] to the defendant's forum-related activities;" and (3)
27  exercising jurisdiction must comport with "fair play and substantial justice."
28  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Purposeful direction exists where the defendant (1) intentionally; (2) aims activity at the forum state; and (3) "caus[es] harm that the defendant knows is likely to be suffered in the forum state."  *Id.* at 805 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

**B.    Personal Jurisdiction**

PerDiem argues that it is not subject to the personal jurisdiction of this Court. (Doc. 14 at 6.)  No one argues that PerDiem is subject to general jurisdiction in Arizona. The crux of the dispute, therefore, is whether PerDiem is subject to specific jurisdiction in this state.

GPS Insight argues that PerDiem's alleged violations of the Arizona Patent Troll Prevention Act and the Arizona Consumer Fraud Act, as well as the "cloud over the business operations of GPS Insight in this District . . ." create personal jurisdiction for the state law claims.  (Doc. 1 at 3.)  It further argues that the Court has pendent jurisdiction to hear the federal claims based on the personal jurisdiction for the state law claims.  (Doc. 19 at 9.)  Specifically, GPS Insight argues that PerDiem subjected itself to personal jurisdiction in this forum by purposefully directing a patent demand letter to Arizona, which caused the effects of that letter to be felt within the forum state.  (*Id.* at 12.)  It also argues that the letter arose out of forum-related patent activities, without specifying what those activities are.  (*Id.* at 12-13.)  Additionally, GPS Insight says that the Court could reasonably exercise jurisdiction because should PerDiem file a patent infringement suit, it could only be filed in this Court.  (*Id.* at 13.)  PerDiem, by contrast, argues that it does not have the contacts with the state sufficient to justify its being haled to court in Arizona.  (Doc. 14 at 8.)  This Court agrees with PerDiem.

The Court begins its personal jurisdiction analysis with the state law claims because GPS Insight argues that once the Court can exercise personal jurisdiction over those claims, it may exercise pendent jurisdiction to hear the federal law causes of action that "arise out of a common nucleus of operative facts" even absent an independent basis of personal jurisdiction. (Doc. 19 at 13-14) (quoting *CollegeSource, Inc. v. AcademyOne,*

*Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)).

As to the state law claims, ordinarily a pre-litigation letter will not give rise to personal jurisdiction.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006).  GPS Insight attempted to distinguish this case in its Motion to Strike or for Leave to File a Sur-Reply.  (Doc. 23 at 17.)  The Motion points out that in *Yahoo!*, the Ninth Circuit held that the district court could properly exercise personal jurisdiction.  (Doc. 23 at 17.)  That, however, is only part of the story.  *Yahoo!* starts with the premise that a pre-litigation letter is not "a contact that would, if considered alone, justify the exercise of personal jurisdiction." *Yahoo!*, 433 F.3d at 1209.  The *Yahoo!* court then explained why the contacts in that case go beyond a mere letter.  The defendant in *Yahoo!* not only served plaintiff with process in the forum state but also obtained an order from a foreign court that required plaintiff to perform certain actions in the forum state.  *Id*.  Those actions gave rise to the suit and were sufficient to justify the court's exercising personal jurisdiction.  The language GPS Insight quoted in *Yahoo!* referenced *Bancroft & Masters, Inc.  v. Augusta Nat.  Inc*., 223 F.3d 1082, 1084 (9th Cir. 2000), holding modified by *Yahoo!*, 433 F.3d 1199.  In *Bancroft & Masters*, the defendant's letter to both plaintiff and a third party triggered a dispute resolution process that "forced B & M to bring suit or lose control of its website." *Id. at* 1087.  The impact of the letter created enough of a real-world effect to allow for the exercise of personal jurisdiction.

This case is distinguishable from both *Yahoo!* and *Bancroft & Masters* in that the defendant sent a single letter with no additional actions that caused harm to be realized in Arizona.  While GPS Insight argues that personal jurisdiction attaches because PerDiem allegedly violated two state statutes, the relevant question is whether the Court may exercise jurisdiction to enforce those statutes.  The Court finds that a single letter, doing nothing more than putting a party on notice of potential infringement and offering a licensing opportunity, does not give rise to specific jurisdiction.  The Court therefore need not address the argument that the Court has pendent jurisdiction over the federal

claims (Doc. 19 at 9) and instead conducts a separate jurisdictional analysis of those causes of action.

Because GPS Insight asks this Court to invalidate patents, Federal Circuit precedent controls the jurisdictional analysis with respect to those claims. *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 190 (Fed. Cir. 2019). The Federal Circuit has "repeatedly held that the sending of an infringement letter, without more, is insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1361 (Fed. Cir. 2001). "Other activities are required in order for a patentee to be subject to personal jurisdiction in the forum." *Genetic Implant Sys., Inc.  v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). GPS Insight has not alleged other activities, beyond sending the letter, that would give rise to personal jurisdiction. GPS Insight points to *Jack Henry & Assocs., Inc. v. Plano Encryption Techs.  LLC*, 910 F.3d 1199, 1206 (Fed. Cir. 2018) for the proposition that "sending patent enforcement letters can be sufficient to establish minimum contacts." (Doc. 19 at 14.) *Jack Henry*, however, is distinguishable in that the defendant in that case sent multiple letters to multiple parties in the forum and continued to demand a licensing agreement while ignoring an attorney's explanation concerning non-infringement. *Jack Henry*, 910 F.3d at 1202-1203 (Fed. Cir. 2018).

PerDiem sent a letter to GPS Insight's Arizona address notifying Plaintiff of the possibility of infringement and a willingness to enter a licensing agreement.  (Doc. 14-3 at 2.)  GPS Insight has not alleged that the parties actually engaged in licensing negotiations or a prolonged campaign with repeated demands to pay for the patents' use. This suit centers around a single letter.  As was true for the state law claims, this does not suffice to create specific jurisdiction under a purposeful direction theory.

GPS Insight has not alleged activities in the forum beyond the patent notification letter.  A patent notification letter directed to Arizona that does not cause any real-world effects is, as a matter of law, not sufficient to allow the Court to exercise personal jurisdiction over the sender.

### C.    Additional Bases for Dismissal

PerDiem also argues that this case is not ripe, GPS Insight has failed to state a claim and that the state law anti-troll claims are preempted by federal patent law.  (Doc. 14.)  Because the Court does not have personal jurisdiction over the claims, it need not address those issues.  The Court also acknowledges that the Motion to Dismiss asked the Court to transfer the case if it did not dismiss the case.  Given the dismissal, that request is moot.

## III.    MOTION TO STRIKE OR FOR LEAVE TO FILE A SUR-REPLY

GPS Insight filed a Motion to Strike allegedly new evidence and argument regarding the claim charts, settlement negotiations and jurisdiction.  (Doc. 23)  The Motion also addresses whether PerDiem timely responded to arguments about the patent claim charts being defective.  Alternately, the Motion asks for leave to file a sur-reply. As this order makes clear, the Court did not rely on those arguments in its decisional process.  The Court will thus deny the Motion.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** the Motion to Dismiss (Doc. 14) this case for lack of personal jurisdiction.  This case is dismissed in Arizona without prejudice to refiling in the appropriate jurisdiction; the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED denying** the Motion to Strike or, in the alternative, for Leave to File a Sur-Reply.  (Doc. 23.)

Dated this 12th day of June, 2020.

Michael T. Liburdi
United States District Judge